UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JONAS WILLIAMS                                    CIVIL ACTION

VERSUS                                           NO. 24-2952

PONDSCO FACILITY SERVICES,                       SECTION M (2)
LLC d/b/a XENCOM FACILITY
MANAGEMENT, LLC

**ORDER & REASONS**

Before the Court is a motion for summary judgment filed by defendant Pondsco Facility

Services, LLC, improperly named as Pondsco Facility Services, LLC d/b/a Xencom Facility

Management, LLC ("Pondsco").[1]  The motion is set for submission on August 21, 2025.[2]  Local

Rule 7.5 of the United States District Court for the Eastern District of Louisiana requires that a

memorandum in opposition to a motion be filed no later than eight days before the noticed

submission date, making the deadline in this instance August 13, 2025.  Plaintiff Jonas Williams,

who is represented by counsel, did not file an opposition to the motion.  Accordingly, because the

motion is unopposed and appears to have merit,[3]

---

[1] R. Doc. 10.

[2] R. Doc. 10-4.

[3] This case concerns allegations of disability discrimination.  Plaintiff Jonas Williams alleges that his former
employer, Pondsco, violated the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12112, and the Louisiana
Human Rights Act ("LHRA"), La. R.S. 23:323, by changing the terms and conditions of his employment to eliminate
a previously provided reasonable accommodation for his mobility disability, resulting in a constructive discharge.  R.
Doc. 1-2.  Williams claims that Pondsco hired him to work as a mall janitor through a program administered by the
Louisiana Rehabilitation Services Community Rehabilitation Program and that Pondsco knew of, and accommodated,
his mobility issues when he first began work in 2018, but then in 2019, Pondsco asked him to work in a different
area of the mall which, says Williams, eliminated the reasonable accommodation, forcing him to resign.  *Id.*  Pondsco
moves for summary judgment, arguing that it did not violate the ADA or LHRA because it did not know of Williams's
purported disability.  R. Doc. 10-1.  Pondsco attached to its motion an affidavit executed by Stephanie Martinez, its
human resources manager, in which she attests that Pondsco never had a contract with the State of Louisiana, the
Louisiana Workforce Commission, or the Louisiana Rehabilitation Services for the hiring of persons with disabilities,
Pondsco hired Williams when he arrived at the mall and applied for a job, and Pondsco was not aware of Williams's
purported disability because he never informed the company of it.  R. Doc. 10-5.  Martinez also states that Pondsco

IT IS ORDERED that Pondsco's motion for summary judgment (R. Doc. 10) is GRANTED, and plaintiff's claims are DISMISSED WITH PREJUDICE.

New Orleans, Louisiana, this 14th day of August, 2025.

BARRY W. ASHE
UNITED STATES DISTRICT JUDGE

---

moved Williams's work area in the mall away from the food court after Williams was accused of sexual harassment by a food court employee, so as to avoid an uncomfortable situation. *Id.* "The ADA is a federal antidiscrimination statute designed to remove barriers which prevent qualified individuals with disabilities from enjoying the same employment opportunities that are available to persons without disabilities." *Taylor v. Principal Fin. Grp., Inc.*, 93 F.3d 155, 161 (5th Cir. 1996). The ADA prohibits employers from discriminating "against a qualified individual on the basis of disability in regard to ... discharge," among other things. 42 U.S.C. § 12112(a). Such discrimination includes "not making reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability who is an applicant or employee." *Id.* § 12112(b)(5)(A). To establish a *prima facie* claim of discrimination under the ADA, a plaintiff must prove (1) he has a disability, or was regarded as disabled; (2) he was qualified for the job; and (3) he was subject to an adverse employment decision on account of his disability. *Cannon v. Jacobs Field Servs. N. Am., Inc.*, 813 F.3d 586, 590 (5th Cir. 2016) (citing *EEOC v. LHC Grp., Inc.*, 773 F.3d 688, 697 (5th Cir. 2014)). The LHRA contains similar provisions. The employer must know of the purported disability in order to be liable for discrimination for failing to accommodate. 42 U.S.C. § 12112(b)(5)(A) (requiring an employer to make reasonable accommodations for known physical or mental limitations of an otherwise qualified individual with a disability); La. R.S. 23:322(9) (defining "reasonable accommodation" as "an adjustment or modification to a known physical limitation of an otherwise qualified person with a disability ..."). Pondsco has submitted uncontested evidence that it did not know about Williams's purported disability. Therefore, it is not liable for failing to provide a reasonable accommodation, and the motion for summary judgment must be granted.