UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JONAS WILLIAMS | CIVIL ACTION |
| VERSUS | NO. 24-2952 |
| PONDSCO FACILITY SERVICES, LLC d/b/a XENCOM FACILITY MANAGEMENT, LLC | SECTION M (2) |

**ORDER & REASONS**

Before the Court is a motion to alter or amend judgment filed by plaintiff Jonas Williams.[1] Defendant Pondsco Facility Services, LLC, improperly named as Pondsco Facility Services, LLC d/b/a Xencom Facility Management, LLC ("Pondsco"), responds in opposition.[2] Having considered the parties' memoranda, the record, and the applicable law, the Court denies the motion.

**I.   BACKGROUND**

This case concerns allegations of disability discrimination. Williams alleges that his former employer, Pondsco, violated the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12112, and the Louisiana Human Rights Act ("LHRA"), La. R.S. 23:323, by changing the terms and conditions of his employment to eliminate a previously provided reasonable accommodation for his mobility disability, resulting in a constructive discharge.[3] Williams claims that Pondsco hired him to work as a mall janitor through a program administered by the Louisiana Rehabilitation Services Community Rehabilitation Program and that Pondsco knew of, and accommodated, his mobility issues when he first began work in 2018, but then in 2019, Pondesco asked him to work

---

[1] R. Doc. 13.
[2] R. Doc. 15.
[3] R. Doc. 1-2.

in a different area of the mall which, says Williams, eliminated the reasonable accommodation, forcing him to resign.[4]

Pondsco moved for summary judgment, arguing that it did not violate the ADA or LHRA because it did not know of Williams's purported disability.[5] Pondsco attached to its motion an affidavit executed by Stephanie Martinez, its human resources manager, in which she attested that Pondsco never had a contract with the State of Louisiana, the Louisiana Workforce Commission, or the Louisiana Rehabilitation Services for the hiring of persons with disabilities, Pondsco hired Williams when he arrived at the mall and applied for a job, and Pondsco was not aware of Williams's purported disability because he never informed the company of it.[6] Martinez also stated that Pondsco moved Williams's work area in the mall away from the food court after Williams was accused of sexual harassment by a food court employee, so as to avoid an uncomfortable situation.[7]

Pondsco's summary-judgment motion was set for submission on August 21, 2025.[8] Local Rule 7.5 of the United States District Court for the Eastern District of Louisiana requires that a memorandum in opposition to a motion be filed no later than eight days before the noticed submission date, making the deadline in this instance August 13, 2025. Williams, who is represented by counsel, did not file an opposition to the motion. Accordingly, because the motion was unopposed and appeared to have merit, the Court granted it on August 14, 2025. In granting the motion, the Court reasoned as follows:

> "The ADA is a federal antidiscrimination statute designed to remove barriers which prevent qualified individuals with disabilities from enjoying the same employment opportunities that are available to persons without disabilities." *Taylor v. Principal*

---

[4] *Id.*
[5] R. Doc. 10-1
[6] R. Doc. 10-5.
[7] *Id.*
[8] R. Doc. 10-4.

2

*Fin. Grp., Inc.*, 93 F.3d 155, 161 (5th Cir. 1996). The ADA prohibits employers from discriminating "against a qualified individual on the basis of disability in regard to ... discharge," among other things. 42 U.S.C. § 12112(a). Such discrimination includes "not making reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability who is an applicant or employee." *Id.* § 12112(b)(5)(A). To establish a *prima facie* claim of discrimination under the ADA, a plaintiff must prove (1) he has a disability, or was regarded as disabled; (2) he was qualified for the job; and (3) he was subject to an adverse employment decision on account of his disability. *Cannon v. Jacobs Field Servs. N. Am., Inc.*, 813 F.3d 586, 590 (5th Cir. 2016) (citing *EEOC v. LHC Grp., Inc.*, 773 F.3d 688, 697 (5th Cir. 2014)). The LHRA contains similar provisions. The employer must know of the purported disability in order to be liable for discrimination for failing to accommodate. 42 U.S.C. § 12112(b)(5)(A) (requiring an employer to make reasonable accommodations for known physical or mental limitations of an otherwise qualified individual with a disability); La. R.S. 23:322(9) (defining "reasonable accommodation" as "an adjustment or modification to a known physical limitation of an otherwise qualified person with a disability …"). Pondsco has submitted uncontested evidence that it did not know about Williams's purported disability. Therefore, it is not liable for failing to provide a reasonable accommodation, and the motion for summary judgment must be granted.[9]

## II.   PENDING MOTION

Williams, invoking Rule 59(e) of the Federal Rules of Civil Procedure, seeks reconsideration of this Court's August 14 Order & Reasons granting Pondsco's motion for summary judgment.[10] He argues that reconsideration is warranted because "there is a material difference in fact that was not presented to the Court that may have reasonably altered the result, and altering or amending will prevent a clear error or manifest injustice."[11] Williams claims that he has memory problems and, after his deposition on August 4, 2025, and this Court's August 14 order granting defendant's summary-judgment motion, he remembered "new" facts, which he included in an affidavit dated August 28, 2025.[12] Specifically, Williams states in his affidavit that he tried once to work in the reassigned area, but was unable to do so because it required too much

---

[9] R. Doc. 11.
[10] R. Doc. 13.
[11] R. Doc. 13-1 at 1.
[12] *Id.* at 6-7 (citing R. Doc. 13-3).

3

walking and cleaning, which resulted in too much pain.[13] He claims to have told "Ms. Anastasia" and "Mr. Ernest" that he could not do the new work assignment because of pain in his leg, that neither of them asked for medical paperwork to prove his condition, and that he was fired as a result.[14] Williams attests that his limp and partial paralysis of the right side of his body made his disability obvious.[15] In his motion, Williams also cites to documents that predate this Court's August 14 order – including his June 2025 discovery responses, his medical records, and other employment-related documents dating from 2018 and 2019 – as evidence that Pondsco knew of his disability and, thus, that this Court's August 14 order was erroneous.[16] Williams argues that this Court erred by: (1) finding "that the record supports … that there was an allegation of sexual harassment against Mr. Williams"; (2) accepting that "no genuine issue of material fact existed that [Williams's] disability and subsequent limitation was not known to Defendant"; and (3) accepting Pondsco's "argument that there was no genuine issue of material fact [that Williams's] need for accommodation was not known, nor reasonable."[17]

In opposition, Pondsco points out that Williams did not oppose its summary-judgment motion and offers no explanation for that lapse, which, says Pondsco, alone warrants denial of the motion to reconsider.[18] Pondsco also argues that Williams does not present any newly discovered evidence, but rather cites to evidence that was available to him when his opposition to the summary-judgment motion was due.[19] Moreover, urges Pondsco, Williams's affidavit should be disregarded as a "sham" because it contradicts his sworn deposition testimony.[20]

---

[13] R. Doc. 13-3 at 1.
[14] *Id.*
[15] *Id.* ("My whole right side is partially paralyzed and everybody notices it and can see it.").
[16] R. Doc. 13-1 at 1-14 (citing R. Docs. 13-2; 13-4; 13-5; 13-6).
[17] *Id.* at 10-14.
[18] R. Doc. 15 at 1, 5.
[19] *Id.* at 5-11, 13-15.
[20] *Id.* at 11-13.

### III. ANALYSIS

"A Rule 59(e) motion is a motion that calls into question the correctness of a judgment." *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002). Under the rule, a movant must show that relief is necessary for at least one of the following reasons: (1) to correct manifest errors of law or fact upon which the judgment is based; (2) to consider newly discovered or previously unavailable evidence; (3) to prevent manifest injustice; or (4) to address an intervening change in the controlling law. *Markel Am. Ins. Co. v. Diaz-Santiago*, 674 F.3d 21, 32 (5th Cir. 2012); *Barber v. Spinal Elements*, 2019 WL 5810304, at *2 (E.D. La. Nov. 7, 2019). "Rule 59(e) permits a court to alter or amend a judgment, but it 'may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.'" *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) (quoting 11 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2810.1 (2d ed. 1995)); *see also In re Self*, 172 F. Supp. 2d 813, 816 (W.D. La. 2001) ("A Rule 59(e) motion should not be used to relitigate prior matters that should have been urged earlier or that simply have been resolved to the movant's dissatisfaction."). In deciding the outcome of a Rule 59(e) motion, the court must balance "two competing imperatives: (1) finality, and (2) the need to render just decisions on the basis of all the facts." *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993). And while a district court has considerable discretion to grant or deny a Rule 59(e) motion, the grant of such a motion is an "extraordinary remedy that should be used sparingly." *Indep. Coca-Cola Emps.' Union of Lake Charles, No. 1060 v. Coca-Cola Bottling Co. United, Inc.*, 114 F. App'x 137, 143 (5th Cir. 2004).

Williams completely failed to oppose Pondsco's motion for summary judgment and offers no explanation for that failure. Williams states in his motion that he remembered the facts stated in his affidavit after the Court ruled on the summary-judgment motion, but this is not an acceptable excuse for his failure to file any opposition at all, especially considering that all the other evidence cited in the motion to reconsider predated his opposition deadline by months or years. "[A]n unexcused failure to present evidence available at the time of summary judgment provides a valid basis for denying a subsequent motion for reconsideration." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). Moreover, Williams's self-serving affidavit states only that his limp and right-side paralysis are obvious. It does not successfully contradict Pondsco's evidence that it was not told and did not know of Williams's disability. Because Williams offers no acceptable excuse for not opposing Pondsco's summary-judgment motion and offers no *newly discovered* evidence demonstrating that this Court's order was in error, his motion is denied.

## IV.  CONCLUSION

Accordingly, for the foregoing reasons,

IT IS ORDERED that Williams's motion to alter or amend judgment (R. Doc. 13) is DENIED.

New Orleans, Louisiana, this 27th day of October, 2025.

                                                          BARRY W. ASHE
                                                         UNITED STATES DISTRICT JUDGE